IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARVIN EDUARDO LUNA GOMEZ,

               **Plaintiff,**

    v.                                      Civil Action No. 3:20cv750

ELLEN MARIE HESS, *et al.*,

               **Defendants.**[1]

**MEMORANDUM OPINION**

    Marvin Eduardo Luna Gomez, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[2] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons stated below, the action will be DISMISSED as legally frivolous.

**I.  Preliminary Review**

    Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The

---

[1] In his Particularized Complaint, which is currently before the Court, Gomez names the following individuals as Defendants: Ellen Marie Hess, the Commissioner of the Virginia Employment Commission ("VEC"); Tammy P. Winston, a Management Analyst for the VEC; Diana Y. Brown, another Management Analyst for the VEC; and, "Deputy # VEC 673." (ECF No. 15, at 1.) The Clerk is DIRECTED to update the case caption and the docket accordingly.

[2] The statute provides, in pertinent part:

        Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads

2

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Allegations and Claims

This action proceeds on Gomez's Particularized Complaint (the "Complaint"), (ECF No. 15), which is rambling, conclusory, and at times, difficult to decipher. At bottom, Gomez alleges that he lost his job in September 2016. (ECF No. 15, at 1.)[3] Between January 8, 2017, and July 28, 2017, Gomez filed for weekly benefits with the VEC. (ECF No. 15, at 3.) Gomez never received any money from the VEC in his bank account. (ECF No. 15, at 1–2.) In July 2017, Gomez called the VEC and learned that his benefits had been loaded onto an "EBT Card," which Gomez maintains had been stolen. (ECF No. 15, at 2.) At around that same time, July 2017, Gomez learned that he had been a victim of "the Anthem Identity Data Breach." (ECF No. 15, at 2.) In July 2017, Gomez reported the alleged fraud to the VEC. (ECF No. 15, at 2, 4.) Gomez maintains that "[t]he (VEC) Office refused to pay [him] the $5,900.00 [in benefits that

---

[3] The Court utilizes the pagination employed by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling and omits any emphasis and symbols in quotations from Gomez's submissions.

he] filed for the 7 months [he] was unemployed." (ECF No. 15, at 3.)  Gomez blames the VEC

for a host of problems he suffered, ranging from the loss of his apartment and a period of

homelessness, to the loss of his van and his wife's untimely overdose death.  (ECF No. 15, at 4.)

Liberally construed, Gomez alleges, albeit in a vague and conclusory manner, that

Defendants Winston, Brown, and "Deputy # VEC 673" violated his 4th Amendment[4] right to be

free "from unreasonable search and seizure," and his 5th Amendment[5] and 14th Amendment[6]

rights to "due process of law." (ECF No. 15, at 6.)  Gomez also appears to allege that Defendant

Hess is "liable for obstruction of justice." (ECF No. 15, at 7.)  Gomez seeks $250,000 in

damages to compensate him for the Defendants' alleged "unlawful acts and negligence." (ECF

No. 15, at 11.)  In the end, it is unnecessary to try and unravel Gomez's theory against each

Defendant because his claims are clearly barred by the statue of limitations, as discussed below.

### III.  Analysis

It is both unnecessary and inappropriate to engage in an extended discussion of Gomez's

theories for relief.  *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that

"abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or

"insubstantial claims" (citing *Neitzke*, 490 U.S. at 324).  Although the Complaint suffers from

many legal infirmities, it ultimately will be dismissed as legally frivolous because all of Gomez's

claims fall well outside the applicable statute of limitations for 42 U.S.C. § 1983 actions.

---

[4] The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.  U.S. Const. amend. IV.

[5] "No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V.

[6] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, federal courts borrow the personal injury statute of limitations from the relevant state. *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)). Virginia applies a two–year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01–243(A) (West 2022). Thus, Gomez was required to file his Complaint within two years of the underlying claims having accrued.

When a 42 U.S.C. § 1983 claim accrues is dictated by federal law. *See Nasim*, 64 F.3d at 955. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08CV138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955), *aff'd*, 372 F. App'x 432 (2010). Further, in order to dismiss a 42 U.S.C. § 1983 action because the applicable statute of limitations has expired, "the court must find that the expiration of the statute of limitations is clear on the face of the complaint." *In re Davis*, Nos. 4:11CV11, 4:11CV12, 4:11CV13, 4:11CV14, 4:11CV15, 4:11CV16, 4:11CV17, 4:11CV18, 4:11CV19, 4:11CV20, 2011 WL 9669470, at *2 (E.D. Va. Jan. 26, 2011) (citation omitted), *aff'd sub nom. Davis v. Wilkinson*, 443 F. App'x 812 (4th Cir. 2011).

It is clear from the face of the Complaint that the events that Gomez complains about accrued more than two years before this action was brought. Gomez's own allegations establish that he had actual and contemporaneous knowledge that he was not receiving the benefits that he currently seeks from the VEC between January and July 2017. (ECF No. 15, at 2, 4.) Indeed, Gomez alleges that he filed a report with the VEC in July 2017, complaining about that very situation, thereby demonstrating knowledge of his alleged injury. (ECF No. 15, at 2, 4.) Thus,

Gomez's claims accrued no later than July 2017, meaning that he had until July 2019 to file this action.

Gomez did not initiate this action until September 2020, well over a year after the expiration of Virginia's applicable statute of limitations. *See* Va. Code Ann. § 8.01–243(A) (West 2022). Therefore, Gomez's Complaint is untimely on its face, and his § 1983 action is frivolous. *See Nasim*, 64 F.3d at 956 (holding that district court did not err in dismissing as frivolous an inmate's complaint that asbestos in his cell caused him physical and psychological injuries when the action was filed four years after it accrued and a year after the applicable statute of limitations expired).[7] Accordingly, Gomez's claims will be DISMISSED as untimely.[8]

---

[7] In contrast to accrual, whether a 42 U.S.C. § 1983 claim is tolled is a matter of state law. *See Bd. of Regents v. Tomanio*, 446 U.S. 478, 486 (1980). However, Gomez does not allege, and the Court finds no grounds for tolling the applicable Virginia statute of limitations. *See* Va. Code Ann. § 8.01–229 (West 2022); *Anderson v. Humphres*, No. 1:06CV653 LMB/BRP, 2006 WL 6198680, at *1, (E.D. Va. Dec. 4, 2006).

[8] "[W]hen a harm has occurred more than once in a continuing series of acts or omissions, a plaintiff, under certain circumstances may allege a 'continuing violation' for which the statute of limitations runs anew with each violation." *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018). "[T]o establish a continuing violation[,] the plaintiff must establish that the unconstitutional or illegal act was a fixed and continuing practice." *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1166 (4th Cir. 1991) (alterations and internal quotation marks omitted). However, "continual unlawful acts are distinguishable from the continuing ill effects of an original violation because the latter do not constitute a continuing violation." *A Soc'y Without a Name v. Virginia*, 665 F.3d 342, 348 (4th Cir. 2011) (citing *Nat'l Adver. Co.*, 947 F.2d at 1166). The same violation must accompany each successive act; new or different violations will not do the trick. *Id.* (citing *Nat'l Adver. Co.*, 947 F.2d at 1167). Moreover, "at least one [such violation] must have occurred within the limitations period." *Gregory v. Currituck Cnty.*, No. 21–1363, 2022 WL 1598961, at *1 (4th Cir. May 20, 2022) (citing *Hawkins v. PepsiCo. Inc.*, 203 F.3d 274, 281 n.2 (4th Cir. 2000)). Here, Gomez does not allege a "fixed or continuing practice" by the Defendants. Rather, his claim for benefits was denied in early 2017, and Gomez was aware of that fact no later than July of 2017. After that time, Gomez does not allege that any named Defendant committed any specific act until, at the earliest, 2020, when he received a letter from Defendant Brown. This event occurred well after the limitations period ended in July 2019; thus, it is not a continuing violation. *Gregory*, 2022 WL 1598961, at 1 (citing *Hawkins*, 203 F.3d at 281 n.2). Consequently, Gomez's claims are untimely and barred by the statute of limitations.

## IV.  Conclusion

For the foregoing reasons, Gomez's claims will be DISMISSED as legally frivolous.  The

Motion to Join (ECF No. 16)[9] and the Motion for a Court Order (ECF No. 17)[10] will be

DENIED.  The action will be DISMISSED.  The Clerk will be DIRECTED to note the

disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.


Date: 1/4/2023                                                          /s/
Richmond, Virginia                                          M. Hannah Lauck
                                                            United States District Judge


---

[9] Gomez seeks to join this matter with another lawsuit that he filed in this Court.  *See Gomez v. Internal Revenue Service*, No. 3:20CV675 (E.D. Va. filed Aug. 27, 2020).  That matter was dismissed on October 21, 2021.  *Id.*, ECF Nos. 15, 16 (E.D. Va. Oct. 21, 2021).  The United States Court of Appeals for the Fourth Circuit subsequently affirmed the dismissal of that action.  *Id.*, ECF No. 21 (E.D. Va. Feb. 23, 2022).  Given the resolution of that matter, and this one, joinder would be inappropriate at this juncture.

[10] Gomez seeks a court order stating that he "should be allowed to make legal copies to respond to the Court and also be allowed to send out legal mail to the Court, because [he] ha[s] exceeded the maximum $50.00 dollar loan limit that Keen Mountain Correctional Center allows."  (ECF No. 17, at 1.)  Gomez fails to identify any authority that would allow the Court to grant him the relief he desires.  Accordingly, the request, (ECF No. 17), will be denied.